UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAP HOLDINGS, INC. d/b/a/ | § | |
| RECOVERY MANAGEMENT | § | |
| INTERNATIONAL, | § | |
|     Plaintiff | § | |
| | § | Case No. 1:12-cv-234 |
| vs. | § | |
| | § | |
| SYSTEMAX COMPUTERS, INC., | § | |
| TIGERDIRECT, INC., and SYX | § | |
| DISTRIBUTION, INC. | § | |
|     Defendants | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW Cap Holdings, Inc. d/b/a Recovery Management International, Plaintiff herein, and files this its Original Complaint complaining of Systemax Computers, Inc., TigerDirect, Inc., and SYX Distribution, Inc., Defendants herein, and for cause of action would respectfully show the Court the following:

**I.
PARTIES**

    1.    Cap Holdings, Inc. d/b/a Recovery Management International ("RMI") is a Texas corporation with its principal place of business in Georgetown, Williamson County, Texas. RMI is the successor in interest to Market Development Specialists, Inc. d/b/a Wintergreen Systems ("MDS"). MDS is a corporation duly organized and existing under the laws of Indiana with its principal place of business in Elkhart, Indiana.

    2.    Systemax Computers, Inc. ("Systemax") is a corporation duly organized and existing under the laws of Delaware with its principal place of business in Port Washington,

New York.  Systemax can be served through its registered agent, Corporation Service Company, at 1201 Hays Street, Tallahassee, Florida, 32301-2525.

3. TigerDirect, Inc. ("TigerDirect") is a corporation duly organized and existing under the laws of Florida with its principal place of business in Miami, Florida.  TigerDirect has a registered agent in Texas:  Corporation Service Company at Austin, Texas, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.  TigerDirect can be served through its registered agent, The Prentice-Hall Corporation System, Inc., at 1201 Hays Street, Tallahassee, Florida, 32301-2525, Corporation Service Company, at 1201 Hays Street, Tallahassee, Florida, 32301-2525, or Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4. SYX Distribution, Inc. ("SYX") is a corporation duly organized and existing under the laws of Florida with its principal place of business in Miami, Florida.  SYX can be served through its registered agent, Corporation Service Company, at 1201 Hays Street, Tallahassee, Florida, 32301-2525.

## II.
## JURISDICTION AND VENUE

5. This case is an action on an open account.  This Court has jurisdiction over this dispute because diversity exists between the parties, and the amount in controversy greatly exceeds $75,000.00.

6. This Court has jurisdiction over Defendants under the Texas long-arm statute.  All three Defendants do business in Texas.  TigerDirect and SYX are wholly owned subsidiaries of Systemax.  TigerDirect has a registered agent in Texas, and TigerDirect

operates retail stores in Texas, as well as sells products to Texas residents via their internet stores.

7. Indiana law controls in this case because (1) MDS is a corporation duly organized and existing under the laws of Indiana with its principal place of business in Elkhart, Indiana; (2) all orders for product were received and processed in MDS's Indiana location; (3) all invoices originated from MDS's Indiana location; and (4) all payments made by Defendants were made to and received by MDS in Indiana.

## III.
## FACTS

8. MDS is a wholesaler of computer equipment and electronics. Since the 1990's, MDS has sold a wide range of computer equipment, including desktop, laptop, and notebook computers, as well as computer printers, monitors, flash drives, digital storage media, GPS units, and other computer equipment to large retailers. These retailers include large, well-known brands such as CompUSA, Tiger Direct, Office Depot, and Buy.com, among others.

9. From 2004 until 2010, MDS sold computer equipment to SYX and TigerDirect, both wholly owned subsidiaries of Systemax, a Fortune 1000 public company based in Port Washington, NY, and traded on the NYSE. Systemax acquired the remaining businesses of CompUSA in January 2008, and folded them into their Technology Products Group, headed by TigerDirect. SYX is the procurement arm of Systemax, and TigerDirect is the marketing arm of the Technology Products Group. TigerDirect sells both online and in brick and mortar retail locations branded either TigerDirect or CompUSA.

10. Beginning in 2004, SYX began to purchase large quantities of various products from MDS, through the issuance of purchase orders. The merchandise was shipped to SYX Distribution warehouses, and in many cases, directly drop-shipped to the

brick and mortar retail stores. The purchases by SYX were initially paid via American Express credit cards, in advance. As time went on, however, orders were increasingly not paid for under the prescribed terms of the invoices, and SYX began to carry larger and larger balances on their open account with MDS. Beginning in 2004 and continuing through the current time, the balance due on the SYX Distribution account exceeded $10 million many times, and ultimately reached a high point in 2009 of over $14 million, plus late fees. The parties continued to have running dealings with one another, and the account was kept open with the expectation of further dealings.

11. In many cases, invoices would accumulate for months at a time, and then SYX would make multiple large payments to partially pay down the balance due. In most cases, the payments were bulk payments not tied directly to specific invoices. When MDS received payments from SYX, MDS applied the payments to the oldest invoices.

12. The lack of full payment created significant financial problems for MDS. At various times, the management of MDS demanded a reconciliation of the SYX account, but none was forthcoming. At that time, MDS was owed about $10.3 million in unpaid invoices. Ultimately, in late 2007, after several threats of legal action, SYX agreed to reconcile the account, and agreed to a settlement with MDS. The settlement agreement stipulated that neither side owed the other any other money, but also agreed to one large transaction to settle the monetary differences between the sides. In addition, SYX promised additional orders over the next year, once this large transaction was complete. Since both companies did not trust the other, Horizon Trust Bank was chosen as an escrow agent for this settlement transaction, a sale totaling $4.31 million in product. Product would be shipped to SYX warehouses and upon delivery, would be paid for through the escrow account. The escrow agreement also stipulated that if SYX failed to fully fund the escrow account by December 21, 2007, then the settlement agreement would be null and void. Ultimately, only two shipments were paid for, and SYX never funded the full amount, thus the

settlement agreement was nullified and voided. The full balance is still due and owing. Some additional orders and payments in 2008 brought the ultimate total due to about $14.7 million. With the current best calculation of late payment fees of $16.0 Million, the total balance due on the account is now $30.7 million. See Exhibit A.

13. Largely as a result of the lack of timely payment by SYX of its account, MDS was sued by its primary lender, and MDS' company assets were liquidated by a receiver in 2011. RMI purchased the delinquent notes from the lender in late 2011, and is now the successor in interest to the lender, holder of the loans, and also the owner of the receivables due from SYX and others.

14. Upon acquisition of the receivables, RMI made contact with Systemax headquarters in January 2012, to demand payment for the balance due. After requesting documentation, the Systemax legal department ceased communications with RMI. After multiple attempts at communications, to no avail, RMI sent a formal demand letter to Curt Rush, General Counsel for Systemax on January 31, 2012. Since it has received no response to the demand letter, RMI commences this legal action.

## IV.
## CAUSE OF ACTION

15. Incorporating paragraphs 1-14, RMI hereby asserts a cause of action against Defendants on the open account described above. MDS and Defendants had an open account, where MDS shipped product to SYX warehouses and TigerDirect retail stores, at Defendants' request, and Defendants were obligated to pay MDS for the product. The account is now overdue, and Defendants owe $30.7 million to MDS. The amount due remains unpaid.

## V.
## DAMAGES

16. RMI is seeking recovery of the $30.7 million due from Defendants on the subject account.

## VI.
## PRAYER

WHEREFORE, Plaintiff prays Defendants Systemax Computers, Inc., TigerDirect, Inc., and SYX Distribution, Inc., be made to appear and answer and, on final hearing, the Court enter judgment that Plaintiff recover of and from Defendants Systemax Computers, Inc., TigerDirect, Inc., and SYX Distribution, Inc. the following:

a. actual damages in the amount of $30.7 million;

b. Pre-judgment interest at the maximum allowable rate;

c. Costs of court;

d. Post-judgment interest on the foregoing sums at the maximum allowable rate; and

e. All other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

WEST SHORT & ASSOCIATES, P.C.

By: /s/ N. West Short
N. West Short
State Bar No. 00788407

313 West 10th Street
Georgetown, Texas 78626
512.864.3911
512.864.3966 (Fax)

OF COUNSEL:
Tracia Y. Lee
State Bar No. 24013021
TRACIA Y. LEE, P.L.L.C.
P.O. Box 29513
Austin, Texas 78755
(512) 814-6167
tlee@tleelaw.com

**ATTORNEYS FOR PLAINTIFF CAP HOLDINGS, INC. D/B/A RECOVERY MANAGEMENT INTERNATIONAL**